RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; TEÓDULO LLAMAS MUÑIZ, interventor.

Núm. 136—*Sometido:* Enero 10, 1947. *Resuelto:* Marzo 10, 1947.

*Hon. Procurador General Interino Luis Negrón Fernández y Carlos Santana Becerra, Procurador General Auxiliar, abogados del peticionario; Clemente Ruiz Nazario y F. L. San Miguel, abogados del interventor, demandante en el pleito principal.*

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En este caso expedimos un auto de *certiorari* a solicitud del Tesorero para revisar la decisión del Tribunal de Contribuciones. De conformidad con nuestra práctica anterior, el auto contenía una disposición rutinaria recabando del Tribunal de Contribuciones nos elevara cualquier prueba aducida en la vista. De acuerdo con esta disposición el Tribunal de Contribuciones ordenó a su taquígrafo-repórter que radicara dentro de veinte días la transcripción de la evidencia aducida durante la vista. El término expiró y no se radicó transcripción alguna. No obstante esto, el Tesorero radicó su alegato ante este Tribunal dentro del término fijado por nuestro Reglamento. El contribuyente ha solicitado la desestimación.

Alega el contribuyente que este recurso no ha sido perfeccionado debido a que no se ha radicado la transcripción de evidencia de acuerdo con nuestra resolución. También alega que el Tesorero hace referencia en su alegato a la declaración de varios testigos, y que no puede contestar los argumentos del Tesorero, basados en estas partes de las declaraciones, a menos que se radique en este recurso la transcripción de evidencia.

Aprovechamos esta oportunidad para indicar que si bien nuestro mandamiento va dirigido al Tribunal de Contribuciones debido a que revisamos sus decisiones mediante una forma especial de certiorari, como cuestión práctica tales controversias se dirimen entre las partes que comparecieron ante el Tribunal de Contribuciones, y no entre la parte perdidosa y el Tribunal de Contribuciones. El deber de radicar la transcripción de evidencia le corresponde, por tanto, al peticionario, si éste tiene interés en traerla ante nosotros,

y no al Tribunal de Contribuciones, si bien como cuestión de forma nuestro mandamiento va dirigido a este último.

■■ Toda vez que nuestra revisión de las decisiones del Tribunal de Contribuciones está limitada a cuestiones de derecho, algunas veces podemos llegar. a nuestras conclusiones sin necesidad de utilizar la transcripción de evidencia. Por tanto sería una gestión innecesaria exigirle al peticionario la radicación de la transcripción de evidencia en todos los casos. Es el peticionario quien debe decidir si en su opinión las cuestiones que levanta en su recurso ante nos requieren que pasemos sobre toda o parte de la transcripción. Cuando el peticionario deja de tomar las pasos necesarios para traer la transcripción ante este Tribunal, corre el riesgo de que le resolvamos su recurso en contra cuando fuere necesaria la transcripción para poder determinar si el Tribunal de Contribuciones incurrió en error de derecho. Pero el peticionario tiene derecho a correr ese riesgo y a proseguir su recurso en este Tribunal sin radicar la transcripción de evidencia.

En vista de las anteriores consideraciones, recientemente cambiamos nuestra práctica. Ya no ordenamos como cuestión de rutina, al expedir un auto de certiorari para revisar una decisión del Tribunal de Contribuciones, que se eleve la transcripción de evidencia. Ahora el peticionario tiene el deber de tomar a iniciativa propia los pasos necesarios en el Tribunal de Contribuciones para obtener y radicar aquí la transcripción de aquella parte de la prueba que desea que consideremos.

En este caso específico el Tesorero en su contestación a la moción de desestimación afirma que las cuestiones aquí envueltas son "primordialmente" cuestiones de derecho. Sin embargo, el hecho cierto es que el Tesorero en su alegato se refiere a una parte del testimonio. Si el Tesorero desea que consideremos dicho testimonio, éste debe ser presentado debidamente ante nos. De la misma manera, si el contribuyente cree que también son necesarias otras partes de

la prueba, de suerte que podamos considerar las cuestiones suscitadas por el Tesorero, puede presentar en el Tribunal de Contribuciones una moción a ese efecto.

Toda vez que el lenguaje de nuestra resolución, dictada bajo la práctica anterior, empleada en este caso, puede haber inducido a las partes a creer que no tenían deber alguno en lo que se refiere a la radicación de la transcripción de evidencia en este Tribunal, le concederemos al Tesorero diez días para radicar en el Tribunal de Contribuciones la correspondiente moción, de así elegirlo, en relación con este asunto. Si el Tesorero radica dicha moción solicitando que se eleve a este Tribunal sólo parte de la transcripción de evidencia, el Tribunal de Contribuciones deberá concederle al contribuyente un término razonable para determinar si desea solicitar que se incluyan también otras porciones de la transcripción.

El Tesorero ya ha radicado su alegato en este Tribunal. A menos que radique una moción para que se le permita radicar un alegato enmendado, le concederemos al contribuyente un término de treinta días para radicar el suyo aquí, contado a partir de la fecha en que se eleve la transcripción de evidencia o de la fecha en que las partes nos informen que no se radicará transcripción alguna.

El contribuyente también se queja de que los ocho errores contenidos en la petición de certiorari no se señalan y discuten separadamente en el alegato del Tesorero, según lo exige la Regla 11(a). Pero nuestras reglas no requieren que el contribuyente argumente en su alegato cada error señalado en su petición. En el alegato el Tesorero claramente señala dos errores que discute con toda amplitud. Por tanto en cuanto a este particular ha dado cumplimiento a nuestras Reglas.

*Se declara sin lugar la moción de desestimación.*